**WHARTON v. W. R. PICKERING LBR. CO. et al.**

No. 14457—Opinion Filed Dec. 23, 1924.

Rehearing Denied Feb. 10, 1925.

1. Judgment—Jurisdiction Against Enforcement—Foreclosure of Mechanic's Lien on Leasehold.

An injunction will not lie to enjoin the enforcement of a judgment foreclosing a materialman's lien on the property of the owner of the leasehold upon which the material was furnished to erect a derrick thereon.

2. Same — Owner of Leasehold as Party to Judgment—Remedy by Appeal.

Where the owner of a leasehold interest in lands is made a party defendant to the proceedings to foreclose the materialman's lien and judgment is obtained against him foreclosing the materialman's lien on said leasehold, his remedy against such judgment is by appeal and not by injunction to enjoin its enforcement.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Payne County; C. C. Smith, Judge.

Action by L. P. Wharton against W. R. Pickering Lumber Company, a corporation, W. A. Chamness, and A. J. Tull, to enjoin the enforcement of a materialman's lien against the property of the plaintiff. There was judgment for the defendants, and plaintiff appeals. Affirmed.

Walter Mathews, for plaintiff in error.

Wilcox & Swank, for defendants in error W. R. Pickering Lumber Company and A. J. Tull.

Opinion by MAXEY, C. Plaintiff filed his petition in the district court of Payne county, whereby he sought to enjoin the enforcement of a judgment rendered in favor of the defendant, W. R. Pickering Lumber Company, to enforce a materialman's lien against the property of the plaintiff. A temporary restraining order was issued by the county judge of Payne county in the absence of the district judge, and on hearing to make said injunction permanent in the district court, the temporary restraining order was dissolved and a permanent injunction denied, and from that order this appeal is prosecuted.

The facts upon which plaintiff's petition is based were as follows: The plaintiff, L. P. Wharton, entered into a contract with A. J. Fisher by the terms of which said Fisher agreed to drill an oil and gas well on the lease of plaintiff for a percentage of the oil and gas discovered. Fisher con-

tracted with the defendant Chamness to erect a derrick for drilling said well, and Chamness in turn purchased the lumber and material for the erection of said derrick from the defendant, W. R. Pickering Lumber Company. Fisher did not pay for the lumber nor for the erection of said derrick. Chamness and the W. R. Pickering Lumber Company filed materialman's and laborer's lien on the lease of plaintiff, and in due time instituted an action in the district court of Payne county, seeking a personal judgment against Fisher for the sum of $2,500, and seeking to impress said sum as a lien upon plaintiff's oil and gas lease, and obtained a personal judgment against Fisher for said sum, and the court decreed said sum a lien on plaintiff's lease and ordered such lien foreclosed and the lease sold. Process was issued thereon and the sheriff was seeking to foreclose under said process at the time the temporary restraining order was issued in this case.

The plaintiff seeks to enjoin the enforcement of said judgment until after the defendant W. R. Pickering Lumber Company has exhausted its remedy against Fisher and Chamness, and alleges in his petition that they are solvent and amply able to pay. The theory upon which plaintiff seeks to require the defendants to exhaust their remedy against the defendant Fisher is, that he stands in the position of a surety, and is entitled to protection under the statutes, which provide for the protection of a surety, and he cites section 5155, Comp. St. 1921, which is as follows:

"A surety may require his creditor to proceed against the principal, or to pursue any other remedy in his power which the surety cannot himself pursue, and which would lighten his burden; and if in such case the creditor neglects to do so, the surety is exonerated to the extent to which he is thereby prejudiced"

—and attempts by his argument to bring himself within that statute. He also cites the case of National Bank of Poteau v. Lowery, 57 Okla. 304, 157 Pac. 103, construing this section, in which the court said:

"Therefore it follows that a surety by verbal demand upon his creditor cannot compel such creditor to proceed against the principal * * * but the surety can * * * require his creditor to pursue any other remedy in his power against the principal which the surety cannot himself pursue, and which would lighten his burden; and, if in such case, that is to say, only in case the surety requires his creditor to pursue any other remedy in his power against the principal, and which the surety cannot himself pur-

sue, and which would lighten his burden, the creditor neglects to do so, the surety is exonerated to the extent to which he is thereby prejudiced."

The plaintiff has filed a very logical and strong brief in support of his position, but we are unable to agree with the conclusion he has reached, and have reached the conclusion that the injunction was properly denied in this case. We think plaintiff's remedy was by appeal from the judgment decreeing a lien on his property, and recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 444, sec. 698; (2) 34 C. J. p. 436, sec. 685.