**WHEELER et al. v. RIDPATH, Sheriff, et al.**

No. 17818.    Opinion Filed Sept. 13, 1927.

(Syllabus.)

**1. Judgment—Mechanics' Lien—Judgment of Foreclosure not Enjoined—Remedy by Appeal.**

Where a judgment is obtained to foreclose a materialman's lien, the defendant cannot substitute an action of injunction for that of an appeal in order to restrain the enforcement of such judgment.

**2. Same—Refusal of Court to Enjoin Enforcement of Judgment not Disturbed.**

Where a judgment debtor seeks to enjoin the enforcement of a judgment by injunction and puts in issue facts that could be issuable only in the original action, the refusal of the court to grant an injunction thereon will not be disturbed on review.

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action by L. Wheeler and another against M. T. Ridpath, sheriff, et al. Judgment for defendants, and plaintiffs bring error. Affirmed.

Erwin & Erwin, for plaintiffs in error.

Andrews & Andrews, George A. Henshaw, and A. Carey Hough, for defendants in error.

LESTER, J.    The parties to this appeal appear in the same position as in the district court.

On the 9th day of June, 1926, W. T. Willis et al. secured a judgment against L. W. Wheeler et al. in the district court of Lincoln county, Okla., which judgment among other things recited that:

"The plaintiffs therein and certain defendants and cross-petitioners have mechanics' and materialmen's liens."

Judgment on said liens was rendered in favor of certain parties for different sums. The court in said judgment decreed that said property be sold to satisfy the claims held by different parties to the action.

Thereafter, process was issued out of the district court in said cause directing the sheriff to sell the same in compliance with the judgment theretofore entered.

The sheriff of the said county in compliance with the said process caused the property to be duly appraised and advertised the same for sale at the front door of the county courthouse in the city of Chandler, in the said county, on the 30th day of August, 1926, at the hour of 2 o'clock p. m.

On the 23rd day of August, 1926, the plaintiffs in the instant case filed an action in the district court of Lincoln county in which they sought to restrain and enjoin the sheriff from holding the sale as advertised.

The plaintiffs on the same date of filing said petition secured a temporary restraining order against the sheriff from proceeding with the sale.

On the 28th day of August, 1926, a hearing was had in the district court on the petition of the plaintiffs for a temporary injunction, in which it was sought to prohibit further proceedings on the part of the sheriff in the sale of the involved property. At the close of this hearing the court denied the application of the plaintiffs for temporary injunction, to which finding of the court the plaintiffs duly excepted and gave notice of appeal to this court.

A supersedeas bond was executed by the plaintiffs and the case is now before us for review.

The plaintiffs in their arguments present two propositions: First, that injunction is the proper remedy for the protection of the plaintiffs' rights. Second, that the court abused its discretion in denying the temporary injunction.

We will discuss each of these propositions in the order set out in the plaintiffs' brief.

We have carefully examined the plaintiffs' brief with the view of trying to discover, if possible, any error on the part of the court in denying relief to the plaintiffs at the hearing had on the 28th day of August, 1926.

We have also read the entire record in the case. The defendants in the instant case, as heretofore shown by the statement of facts, had procured a judgment in the district court on certain liens. The court in rendering judgment in said cause provided that process issue for sale of the property to which the liens attached. From this judgment there was no appeal, and said judgment was in full force and effect at the time the sheriff was undertaking to have said property sold in obedience to the process issued to him.

The plaintiffs herein in their petition state and allege that there had not been an appraisement of the property; however, the appraisement was introduced at the hearing on August 28, 1926, which appraisement was shown to have been fairly regular.

The appraisement was made by Oscar Bridge, J. B. Pomeroy, and W. H. Riner. Before entering upon their duties as such appraisers they made oath as to their qualifications, which statement, under oath, showed them to be duly qualified under the statutes of the state.

Testimony was introduced at the hearing showing a difference in value between that fixed by the appraisers and the witnesses, but from our viewpoint the variance is not sufficient to justify this court in setting the appraisement aside. It is not out of the ordinary that men of good judgment will differ very widely in property values.

It is contended by the plaintiffs that the judgment rendered by the court did not permit the redemption of the property on the part of the defendants. The statutes relative to the right of redemption and applicable to the point here raised are as follows (sections 7419, 7420, and 7421, C. O. S. 1921):

"Section 7419. Every person having an interest in property subject to a lien has a right to redeem it from the lien, at any time after the claim is due. and before his right of redemption is foreclosed.

"Section 7420. One who has a lien, inferior to another upon the same property, has a right:

"First. To redeem the property in the same manner as its owner might. from the superior lien; and,

"Second. To be subrogated to all the benefits of the superior lien when necessary for the protection of his interests, upon satisfying the claim secured thereby.

"Section 7421. Redemption from a lien is made by performing or offering to perform, the act for the performance of which it is a security, and paying, or offering to pay, the damages, if any, to which the holder of the lien is entitled for delay."

The plaintiffs in the instant case do not pretend that they made any offer whatsoever to redeem the property before or after the claim against said property had become due and payable.

Plaintiffs make other contentions and cite authorities thereon which in our judgment are not relevant to the issues to this case, but in our judgment most of the contentions made should have been addressed to the trial court in the former case in which judgment was rendered on the 8th day of June, 1926.

The plaintiffs in their second proposition contend that the court abused its discretion in denying a temporary injunction.

In the case of Wharton v. W. R. Pickering Lumber Co. et al., 106 Okla. 130, 233 Pac. 170, in syllabus, paragraphs 1 and 2 of said case, it was said:

1. "An injunction will not lie to enjoin the enforcement of a judgment foreclosing a materialman's lien on the property of the owner of the leasehold upon which the material was furnished to erect a derrick thereon.

2. "Where the owner of a leasehold interest in lands is made a party defendant to the proceedings to foreclose the materialman's lien and judgment is obtained against him foreclosing the materialman's lien on said leasehold, his remedy against such judgment is by appeal and not by injunction to enjoin its enforcement."

In our judgment the trial court did not commit any error in the determination of said cause, and moreover, if the plaintiffs believed that an injustice had been done them in the case formerly adjudicated on the 8th day of June, 1926, they should have exhausted their legal remedies in that case rather than to destroy the effect of that judgment by injunction proceedings in the instant case.

Judgment is affirmed.

BRANSON, C. J., MASON, V. C. J.. and PHELPS, HUNT, CLARK. and RILEY, JJ., concur.

Note.—See under (1) 40 C. J. p. 507, §753 (Anno). (2) 34 C. J. p. 436, §685; 40 C. J. p. 507, §753 (Anno).